UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAMION PALMER,                                         Civil Action No.

                Plaintiff,

  -against-

DO & CO NEW YORK CATERING, INC.,

                Defendant.
------------------------------------------------------------------X

## COMPLAINT

Plaintiff, DAMION PALMER ("Plaintiff"), as and for his Complaint against Defendant, DO & CO NEW YORK CATERING, INC. ("Defendant"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

### PARTIES

5. Plaintiff was employed by Defendant as a cook from on or about August 31, 2012 until on or about June 8, 2016.

6. Upon information and belief, Defendant is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

7. Defendant owns and operates an international catering company located at 149-32 132nd Street, Jamaica, New York.

## FACTS

8. At all times relevant to this action, Plaintiff was employed as a cook for the benefit of and at the direction of Defendant at its international catering company located at 149-32 132nd Street, Jamaica, New York.

9. From on or about June 12, 2015 until on or about June 8, 2016, Plaintiff worked five (5) days per week with Mondays and Tuesdays off. Plaintiff worked from 3:00 p.m. until 3:00 a.m. Wednesday through Sunday.

10. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks during any of his shifts.

11. During this time, Plaintiff worked sixty (60) hours per week.

12. During this time, Plaintiff's primary responsibilities included prepping and cooking food, plating food, and organizing the kitchen.

13. During this time, Defendant paid Plaintiff via direct deposit check.

14. During this time, Defendant paid Plaintiff on a bi-weekly basis.

15. During this time, Defendant paid Plaintiff the same amount each pay period.

16. During this time, Defendant did not pay Plaintiff overtime compensation.

17. During this time, Defendant did not pay Plaintiff one and one-half times his regular rate of pay when he worked more than forty (40) hours per week.

18. During this time, Plaintiff was not required to and did not sign in or out of his daily shifts.

19. During his employment, Defendant failed to provide Plaintiff with wage notices as required by NYLL § 195(1).

20. During his employment, Defendant failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3).

21. Defendant managed Plaintiff's employment, including the amount of overtime worked.

22. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

23. Defendant was aware of Plaintiff's work hours, but failed to pay him the full amount of wages to which he was entitled for this work time under the law.

24. Defendant's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

25. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

26. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

3

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

27. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

28. At all times relevant to this Complaint, Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who was employed as a cook and used equipment, supplies, and food that have moved in interstate commerce.

29. Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant for the years 2016 and 2015 was not less than $500,000.00.

30. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

31. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

32. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

33. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

34. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

35. Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA.

36. Defendant has not acted in good faith with respect to the conduct alleged herein.

37. As a result of Defendant's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

38. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

39. At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

40. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

41. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

42. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendant.

43. Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

44. Defendant has acted willfully and has either known that its conduct violated the New York Labor Articles or has shown a reckless disregard for the matter of whether its conduct violated the New York Labor Articles. Defendant has not acted in good faith with respect to the conduct alleged herein.

45. As a result of Defendant's violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

46. Defendant willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

47. Through its knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

48. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW

6

## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

49. Defendant willfully failed to provide Plaintiff accurate written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

50. Through its knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

51. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendant and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendant committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

    4.    Willfully violated the applicable provisions of the NYLL;

    5.    Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and accurate wage statements;

B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.    Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.    Award all costs, attorney's fees incurred in prosecuting this action, liquidated damages under the FLSA and/or the NYLL, and statutory penalties under the NYLL; and

E.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       July 12, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I, the undersigned, consent to be a party in **Palmer, Damion v. DO & CO New York Catering Inc**. in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
       Monday, June 06, 2016

_____
Damion Palmer

- 1 -