Jeffrey P. Englander
Christopher W. Pendleton
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone:  (212) 735-8600
Facsimile:   (212) 735-8708
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAMION PALMER,<br><br>                                   Plaintiff,<br><br>         -against-<br><br>DO & CO NEW YORK CATERING, INC.,<br><br>                                   Defendant. | 17-cv-04142 (RJD/RER)<br><br>**ANSWER** |

Defendant DO & CO NEW YORK CATERING, INC. (hereinafter "DO & CO" or "Defendant"), by and through its attorneys Morrison Cohen LLP, as and for its Answer to Plaintiff's Complaint in this matter, respectfully allege as follows:

**JURISDICTION AND VENUE**

1. The allegations contained in Paragraph 1 of the Complaint consist of statements or legal conclusions to which no response is required.

2. The allegations contained in Paragraph 2 of the Complaint consist of statements or legal conclusions to which no response is required.

3. The allegations contained in Paragraph 3 of the Complaint consist of statements or legal conclusions to which no response is required.

4. The allegations contained in Paragraph 4 of the Complaint consist of statements or legal conclusions to which no response is required.

## PARTIES

5. Denies the allegations contained in Paragraph 5 of the Complaint, except admits Plaintiff was hired as a cook until his promotion to assistant supervisor and, in June 2015, to the position of Supervisor with supervisory responsibilities over the persons who reported to him as such.

6. Admits the allegations contained in Paragraph 6 of the Complaint.

7. Denies the allegations contained in Paragraph 7 of the Complaint, except admits that Defendant operates an enterprise which is engaged in the business of catering outbound international flights emanating from John F. Kennedy International Airport.

## FACTS

8. Denies the allegations contained in Paragraph 8 of the Complaint, except affirmatively avers that Plaintiff was employed by Defendant and worked at that address.

9. Denies the allegations contained in Paragraph 9 of the Complaint.

10. Denies the allegations contained in Paragraph 10 of the Complaint.

11. Denies the allegations contained in Paragraph 11 of the Complaint.

12. Denies the allegations contained in Paragraph 12 of the Complaint, except affirmatively aver that Plaintiff performed those duties and responsibilities which were inherent in and to the position in which he was employed, including a full complement of supervisory duties and responsibilities with respect to oversight and supervision of subordinate employees and the regular exercise of independent judgement and discretion.

13. Admits the allegations contained in Paragraph 13 of the Complaint.

14. Admits the allegations contained in Paragraph 14 of the Complaint.

15. Admits the allegations contained in Paragraph 15 of the Complaint.

16. Admits the allegations contained in Paragraph 16 of the Complaint.

17. Admits the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint, except admits that Defendant "managed Plaintiff's employment"; and affirmatively avers that during Plaintiff's employment in the capacity of a Supervisor, Plaintiff worked such hours as were necessary to perform those duties and responsibilities which were inherent in and to the position in which he was employed, which virtually never exceeded 40 hours in any given week.

22. Denies the allegations contained in Paragraph 22 of the Complaint, except affirmatively avers that Defendant managed the manner in which it compensated its non-union employees, consistent with applicable law.

23. Denies the allegations contained in Paragraph 23 of the Complaint, except admits that it monitored Plaintiff's worktime as required under its operations and pursuant to applicable law.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

**AS AND FOR COUNT I**
**(Failure to Compensate for Overtime Under the Fair Labor Standards Act ("FLSA"))**

25. In response to Paragraph 25, Defendant repeats and re-alleges each of its foregoing responses as though fully restated herein.

26. Neither admits nor denies the allegations in Paragraph 26 of the Complaint all of which purport to draw or assert legal conclusions inasmuch as those legal conclusions are properly reserved for the Court.

27. Denies the allegations contained in Paragraph 27 of the Complaint, except admits that the Defendant is engaged in interstate commerce as defined under relevant federal law and is bound by the FLSA.

28. Denies the allegations contained in Paragraph 28 of the Complaint, except admits that its operations are within interstate commerce and that Defendant is subject to the provisions of federal law including the FLSA.

29. Admits the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint except admits that Plaintiff and all other employees of Defendant were entitled to protections and rights under the FLSA consistent with the positions which they hold or held.

31. Neither admits nor denies the allegations in Paragraph 31 of the Complaint all of which purport to draw or assert legal conclusions inasmuch as those legal conclusions are properly reserved for the Court.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Neither admits nor denies the allegations in Paragraph 33 of the Complaint all of which purport to draw or assert legal conclusions inasmuch as those legal conclusions are properly reserved for the Court.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

## AS AND FOR COUNT II
**(Failure to Compensate For Overtime Under the New York Labor Law ("NYLL"))**

38. In response to Paragraph 38, Defendant repeats and re-alleges each of its

4

foregoing responses as though fully restated herein.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Neither admits nor denies the allegations in Paragraph 40 of the Complaint all of which purport to draw or assert legal conclusions inasmuch as those legal conclusions are properly reserved for the Court.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint, except admits that Plaintiff was a non-exempt employee under applicable law prior to his promotion to the position which he held at the time of his termination.

44. Denies the allegations contained in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

### AS AND FOR COUNT III
**(Failure to Provide Wage Notices Under the NYLL)**

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

### AS AND FOR COUNT IV
**(Failure to Provide Wage Statements Under the NYLL)**

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

52. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

53. Plaintiff's claims pursuant to the FLSA and NYLL are barred because they cannot establish liability pursuant to the FLSA or the NYLL.

### THIRD AFFIRMATIVE DEFENSE

54. To the extent the Complaint seeks damages based on allegedly "willful" conduct, the Complaint is barred because of Defendant's good faith reliance on applicable laws, statutes and regulations.

### FOURTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or the NYLL and any such claims are mitigated in their entirety.

### FIFTH AFFIRMATIVE DEFENSE

56. The amount of allegedly compensable time Plaintiff seeks to recover is *de minimis* and therefore not compensable.

### SIXTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims seeking recovery for overtime under the FLSA and NYLL are barred as Plaintiff was employed in a *bona fide* executive and/or administrative capacity – as a Supervisor – thus exempting him from the FLSA and NYLL overtime requirements.

### SEVENTH AFFIRMATIVE DEFENSE

58. Plaintiff agreed to and regularly performed supervisory tasks, including oversight and supervision of subordinate employees under his control as well as the regular exercise of independent judgment and discretion, all of which confirm his status as an exempt

employee under the FLSA and NYLL.

## EIGHTH AFFIRMATIVE DEFENSE

59.  Plaintiff otherwise exercised and performed functions which conclusively renders him exempt from overtime compensation pursuant to applicable federal and state law.

## NINTH AFFIRMATIVE DEFENSE

60.  Plaintiff's claims are barred, in whole or in part, by Plaintiff's own unclean hands.

## TENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

62.  Plaintiff is precluded from recovering any amounts from Defendant inasmuch as he has been paid all sums legally due under applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

63.  Plaintiff's claims are barred, in whole or in part, by payment, setoff and/or accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

64.  To the extent that Plaintiff is entitled to premium compensation under either federal or state law pertinent to eligibility for premium pay for his working hours in excess of 40 hours per week, Plaintiff did not actually work or otherwise perform services in any workweek in excess of 40 hours.

65.  Defendant expressly reserves the right to amend this Answer to add further affirmative defenses and claims upon discovery of additional facts and for other good cause.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for entry of judgment from this Court:

    a.    Dismissing the Complaint in its entirety with prejudice; and

    b.    Granting such attorneys' fees and costs as permitted by law; and

    c.    Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 1, 2017

Respectfully submitted,

By: /s/ Jeffrey P. Englander
Jeffrey P. Englander
Christopher W. Pendleton
909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Defendant*

TO: Neil H. Greenberg, Esq.
NEIL H. GREENBERG & ASSOCIATES, P.C.
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100

*Attorney for Plaintiff*