Jeffrey P. Englander
Christopher W. Pendleton
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAMION PALMER, | 17-cv-04142 (RJD/RER) |
| Plaintiff, | **ANSWER** |
| -against- | |
| DO & CO NEW YORK CATERING, INC., | |
| Defendant. | |

Defendant DO & CO NEW YORK CATERING, INC. (hereinafter "DO & CO" or "Defendant"), by and through its attorneys Morrison Cohen LLP, as and for its Answer to Plaintiff's Amended Complaint in this matter, respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. The allegations contained in Paragraph 1 of the Amended Complaint consist of statements or legal conclusions to which no response is required.

2. The allegations contained in Paragraph 2 of the Amended Complaint consist of statements or legal conclusions to which no response is required.

3. The allegations contained in Paragraph 3 of the Amended Complaint consist of statements or legal conclusions to which no response is required.

4. The allegations contained in Paragraph 4 of the Amended Complaint consist of statements or legal conclusions to which no response is required.

5. The allegations contained in Paragraph 5 of the Amended Complaint consist

of statements or legal conclusions to which no response is required.

## PARTIES

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Amended Complaint, except admits that Plaintiff self identifies as a Black male.

7. Denies the allegations contained in Paragraph 7 of the Amended Complaint, except admits Plaintiff was hired as a cook until his promotion to assistant supervisor and, in June 2015, to the position of Supervisor with supervisory responsibilities over the persons who reported to him as such.

8. Admits the allegations contained in Paragraph 8 of the Amended Complaint.

9. Denies the allegations contained in Paragraph 9 of the Amended Complaint, except admits that Defendant operates an enterprise which is engaged in the business of catering outbound international flights emanating from John F. Kennedy International Airport.

10. Admits the allegations contained in Paragraph 10 of the Amended Complaint.

11. Admits the allegations contained in Paragraph 11 of the Amended Complaint.

## FACTS

12. Denies the allegations contained in Paragraph 12 of the Amended Complaint, except affirmatively avers that Plaintiff was employed by Defendant and worked at the referenced address.

13. Denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Denies the allegations contained in Paragraph 16 of the Amended Complaint, except affirmatively avers that Plaintiff performed those duties and responsibilities which were inherent in and to the position in which he was employed, including a full complement of supervisory duties and responsibilities with respect to oversight and supervision of subordinate employees and the regular exercise of independent judgement and discretion.

17. Admits the allegations contained in Paragraph 17 of the Amended Complaint.

18. Admits the allegations contained in Paragraph 18 of the Amended Complaint.

19. Admits the allegations contained in Paragraph 19 of the Amended Complaint.

20. Admits the allegations contained in Paragraph 20 of the Amended Complaint.

21. Admits the allegations contained in Paragraph 21 of the Amended Complaint.

22. Denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. Denies the allegations contained in Paragraph 23 of the Amended Complaint.

24. Denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Denies the allegations contained in Paragraph 25 of the Amended

Complaint, except admits that Defendant "managed Plaintiff's employment"; and affirmatively avers that during Plaintiff's employment in the capacity of a Supervisor, Plaintiff worked such hours as were necessary to perform those duties and responsibilities which were inherent in and to the position in which he was employed, which virtually never exceeded 40 hours in any given week.

26. Denies the allegations contained in Paragraph 26 of the Amended Complaint, except affirmatively avers that Defendant managed the manner in which it compensated its non-union employees, consistent with applicable law.

27. Denies the allegations contained in Paragraph 27 of the Amended Complaint, except admits that it monitored Plaintiff's worktime as required under its operations and pursuant to applicable law.

28. Denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. Denies the allegations contained in Paragraph 29 of the Amended Complaint, except affirmatively avers that it employed in various capacities a number of expatriate chefs during the time of Plaintiff's employment.

30. Denies the allegations contained in Paragraph 30 of the Amended Complaint, except admits that Plaintiff was supervised during his employment with Defendant by Executive Chef, Martin Bumberger, and Executive Sous Chef, Michael Eckmann.

31. Denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Denies the allegations contained in Paragraph 33 of the Amended

Complaint.

33. Denies the allegations contained in Paragraph 34 of the Amended Complaint.

34. Denies the allegations contained in Paragraph 35 of the Amended Complaint.

35. Denies the allegations contained in Paragraph 36 of the Amended Complaint.

36. Admits the allegations contained in Paragraph 37 of the Amended Complaint.

37. Denies the allegations contained in Paragraph 38 of the Amended Complaint.

38. Denies the allegations contained in Paragraph 39 of the Amended Complaint.

39. Denies the allegations contained in Paragraph 40 of the Amended Complaint.

40. Denies the allegations contained in Paragraph 41 of the Amended Complaint.

41. Denies the allegations contained in Paragraph 42 of the Amended Complaint.

42. Denies the allegations contained in Paragraph 43 of the Amended Complaint.

43. Denies the allegations contained in Paragraph 44 of the Amended Complaint, except admits that Plaintiff received disciplinary write-ups while employed in a supervisory capacity.

45. Denies the allegations contained in Paragraph 45 of the Amended Complaint, except admits that Defendant terminated Plaintiff's employment on or about June 8, 2016 after a thorough investigation by Human Resources which concluded that Plaintiff had in fact created a hostile and offensive work environment for some of those employees who reported to him.

46. Denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. Denies the allegations contained in Paragraph 47 of the Amended Complaint.

48. Denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. Denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. Denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. Denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Denies the allegations contained in Paragraph 52 of the Amended Complaint.

## AS AND FOR COUNT I
**(Failure to Compensate for Overtime Under the Fair Labor Standards Act ("FLSA"))**

53. In response to Paragraph 53, Defendant repeats and re-alleges each of its foregoing responses as though fully restated herein.

54. Neither admits nor denies the allegations in Paragraph 54 of the Amended Complaint all of which purport to draw or assert legal conclusions inasmuch as those legal

conclusions are properly reserved for the Court.

55. Denies the allegations contained in Paragraph 55 of the Amended Complaint, except admits that the Defendant is engaged in interstate commerce as defined under relevant federal law and is bound by the FLSA.

56. Denies the allegations contained in Paragraph 56 of the Amended Complaint, except admits that its operations are within interstate commerce and that Defendant is subject to the provisions of federal law including the FLSA.

57. Admits the allegations contained in Paragraph 57 of the Amended Complaint.

58. Denies the allegations contained in Paragraph 58 of the Amended Complaint, except admits that Plaintiff and all other employees of Defendant were entitled to protections and rights under the FLSA consistent with the positions which they hold or held.

59. Neither admits nor denies the allegations in Paragraph 59 of the Amended Complaint all of which purport to draw or assert legal conclusions inasmuch as those legal conclusions are properly reserved for the Court.

60. Denies the allegations contained in Paragraph 60 of the Amended Complaint.

61. Neither admits nor denies the allegations in Paragraph 61 of the Amended Complaint all of which purport to draw or assert legal conclusions inasmuch as those legal conclusions are properly reserved for the Court.

62. Denies the allegations contained in Paragraph 62 of the Amended Complaint.

63. Denies the allegations contained in Paragraph 63 of the Amended Complaint.

64. Denies the allegations contained in Paragraph 64 of the Amended Complaint.

65. Denies the allegations contained in Paragraph 65 of the Amended Complaint.

**AS AND FOR COUNT II**
**(Failure to Compensate For Overtime Under the New York Labor Law ("NYLL"))**

66. In response to Paragraph 66, Defendant repeats and re-alleges each of its foregoing responses as though fully restated herein.

67. Denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. Neither admits nor denies the allegations in Paragraph 68 of the Amended Complaint all of which purport to draw or assert legal conclusions inasmuch as those legal conclusions are properly reserved for the Court.

69. Denies the allegations contained in Paragraph 69 of the Amended Complaint.

70. Denies the allegations contained in Paragraph 70 of the Amended Complaint.

71. Denies the allegations contained in Paragraph 71 of the Amended Complaint, except admits that Plaintiff was a non-exempt employee under applicable law prior to his promotion to the position which he held at the time of his termination.

72. Denies the allegations contained in Paragraph 72 of the Amended Complaint.

73. Denies the allegations contained in Paragraph 73 of the Amended Complaint.

## AS AND FOR COUNT III
### (Failure to Provide Wage Notices Under the NYLL)

74. In response to paragraph 74, Defendant repeats and re-alleges each of its foregoing responses as though fully restated herein.

75. Denies the allegations contained in Paragraph 75 of the Amended Complaint.

76. Denies the allegations contained in Paragraph 76 of the Amended Complaint.

77. Denies the allegations contained in Paragraph 77 of the Amended Complaint.

## AS AND FOR COUNT IV
### (Failure to Provide Wage Statements Under the NYLL)

78. In response to paragraph 78, Defendant repeats and re-alleges each of its foregoing responses as though fully restated herein.

79. Denies the allegations contained in Paragraph 79 of the Amended Complaint.

80. Denies the allegations contained in Paragraph 80 of the Amended Complaint.

81. Denies the allegations contained in Paragraph 81 of the Amended Complaint.

## AS AND FOR COUNT V
### (Discrimination Under Title VII, 42 U.S.C. Section 2000e *et seq.*)

82. In response to paragraph 82, Defendant repeats and re-alleges each of its foregoing responses as though fully restated herein.

83. Denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. Denies the allegations contained in Paragraph 84 of the Amended Complaint.

85. Denies the allegations contained in Paragraph 85 of the Amended Complaint.

86. Denies the allegations contained in Paragraph 86 of the Amended Complaint.

87. Denies the allegations contained in Paragraph 87 of the Amended Complaint.

88. Denies the allegations contained in Paragraph 88 of the Amended Complaint.

89. The allegations contained in Paragraph 89 of the Amended Complaint consist of statements or legal conclusions to which no response is required.

**AS AND FOR COUNT VI**
**(Discrimination Under the New York Executive Law, Section 290 *et seq.*)**

90. In response to paragraph 90, Defendant repeats and re-alleges each of its foregoing responses as though fully restated herein.

91. Denies the allegations contained in Paragraph 91 of the Amended Complaint.

92. Denies the allegations contained in Paragraph 92 of the Amended Complaint.

93. Denies the allegations contained in Paragraph 93 of the Amended Complaint.

94. Denies the allegations contained in Paragraph 94 of the Amended Complaint.

95. Denies the allegations contained in Paragraph 95 of the Amended

Complaint.

96. Denies the allegations contained in Paragraph 96 of the Amended Complaint.

97. The allegations contained in Paragraph 97 of the Amended Complaint consist of statements or legal conclusions to which no response is required.

**AS AND FOR COUNT VII**
**(Discrimination Under the New York Administrative Code, Section 8-107 *et seq.*)**

98. In response to paragraph 98, Defendant repeats and re-alleges each of its foregoing responses as though fully restated herein.

99. Denies the allegations contained in Paragraph 99 of the Amended Complaint.

100. Denies the allegations contained in Paragraph 100 of the Amended Complaint.

101. Denies the allegations contained in Paragraph 101 of the Amended Complaint.

102. Denies the allegations contained in Paragraph 102 of the Amended Complaint.

103. Denies the allegations contained in Paragraph 103 of the Amended Complaint.

104. Denies the allegations contained in Paragraph 104 of the Amended Complaint.

105. The allegations contained in Paragraph 105 of the Amended Complaint consist of statements or legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

106. The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

107. Plaintiff's claims pursuant to the FLSA and NYLL are barred because they cannot establish liability pursuant to the FLSA or the NYLL.

## THIRD AFFIRMATIVE DEFENSE

108. To the extent the Amended Complaint seeks damages based on allegedly "willful" conduct, the Amended Complaint is barred because of Defendant's good faith reliance on applicable laws, statutes and regulations.

## FOURTH AFFIRMATIVE DEFENSE

109. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or the NYLL and any such claims are mitigated in their entirety.

## FIFTH AFFIRMATIVE DEFENSE

110. The amount of allegedly compensable time Plaintiff seeks to recover is *de minimis* and therefore not compensable.

## SIXTH AFFIRMATIVE DEFENSE

111. Plaintiff's claims seeking recovery for overtime under the FLSA and NYLL are barred as Plaintiff was employed in a *bona fide* executive and/or administrative capacity – as a Supervisor – thus exempting him from the FLSA and NYLL overtime requirements.

## SEVENTH AFFIRMATIVE DEFENSE

112. Plaintiff agreed to and regularly performed supervisory tasks, including oversight and supervision of subordinate employees under his control as well as the regular exercise of independent judgment and discretion, all of which confirm his status as an exempt

employee under the FLSA and NYLL.

## EIGHTH AFFIRMATIVE DEFENSE

113. Plaintiff otherwise exercised and performed functions which conclusively render him exempt from overtime compensation pursuant to applicable federal and state law.

## NINTH AFFIRMATIVE DEFENSE

114. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own unclean hands.

## TENTH AFFIRMATIVE DEFENSE

115. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Amended Complaint, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

116. Plaintiff is precluded from recovering any amounts from Defendant inasmuch as he has been paid all sums legally due under applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

117. Plaintiff's claims are barred, in whole or in part, by payment, setoff and/or accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

118. To the extent that Plaintiff is entitled to premium compensation under either federal or state law pertinent to eligibility for premium pay for his working hours in excess of 40 hours per week, Plaintiff did not actually work or otherwise perform services in any workweek in excess of 40 hours.

## FOURTEENTH AFFIRMATIVE DEFENSE

119. Plaintiff was at all times fairly compensated for his position in relation to others in exempt positions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

120. Defendant at all times relevant to the Amended Complaint herein, promulgated, maintained and implemented non-discriminatory policies and practices by and through which all employment decisions, including but not limited to, those regarding continued employment, and the investigation and eradication of *bona fide* complaints of employment discrimination have been made and implemented.

**SIXTEENTH AFFIRMATIVE DEFENSE**

121. All employment actions undertaken by Defendant regarding Plaintiff's employment were justified by appropriate business considerations, and were neither based on nor motivated, in whole or in part, by circumstances, facts, policies or practices which are violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended by the Civil Rights Act of 1991 and otherwise, as well as New York's Executive Law and New York's Administrative Code.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

122. Plaintiff's claims are not well grounded in fact and are not warranted by existing law or good faith argument for extension, modification or reversal of existing law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

123. Plaintiff has failed to state a proper claim for compensatory damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

124. To the extent that Plaintiff's employment ended involuntarily, such termination occurred for legitimate, rationally based, non-discriminatory reasons, including, without limitation, his creation of a hostile and offensive work environment for his subordinates as documented by their written complaints to Defendant's Human Resources Department and not in retaliation for any alleged complaints interposed by Plaintiff or any other act on his part which might be construed as an exercise of protected rights under applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

125. Plaintiff has failed to state a proper claim for attorney's fees.

126. Defendant expressly reserves the right to amend this Answer to add further affirmative defenses and claims upon discovery of additional facts and for other good cause.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for entry of judgment from this Court:

    a.    Dismissing the Amended Complaint in its entirety with prejudice; and

    b.    Granting such attorneys' fees and costs as permitted by law; and

    c.    Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 2, 2017

                Respectfully submitted,

By: /s/ Jeffrey P. Englander
Jeffrey P. Englander
Christopher W. Pendleton
909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Defendant*

TO: Neil H. Greenberg, Esq.
NEIL H. GREENBERG & ASSOCIATES, P.C.
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100

*Attorney for Plaintiff*